[Civ. No. 4229. First Appellate District, Division Two.—August 30, 1922.]

## F. F. PELLISSIER, Appellant, v. WHITTIER WATER COMPANY (a Corporation), et al., Respondents.

[1] INJUNCTIONS—RIGHT TO WATER AT PREFERENTIAL RATE—ACTION TO DETERMINE—TEMPORARY INJUNCTION.—Pending the determination of his action to have it declared that, by reason of a contract entered into between his predecessor and the water company, he is entitled to a preferential water rate, a plaintiff is not entitled to have a preliminary injunction restraining the water company from shutting off his water supply, where he can obtain the necessary water supply by paying the rate fixed by the Railroad Commission for service to the public generally. His damage, if any, can be accurately measured by any overcharge which he may pay for water.

[2] ID.—CHARACTER OF REMEDY—IRREPARABLE INJURY.—The remedy by injunction is summary, peculiar, and extraordinary and it ought not to be issued except for the prevention of great and irreparable injury.

[3] ID. — ADEQUATE PECUNIARY COMPENSATION — ASCERTAINMENT OF DAMAGE.—Relief by injunction must always rest in the sound discretion of the court, governed by the nature of the case, and will be granted, ordinarily, only where there can be no adequate pecuniary compensation due to the difficulty or impossibility of ascertaining the damage resulting from the action; but where the damage can be accurately measured and will compensate for any loss that may be suffered by the plaintiff an injunction is not proper.

59 Cal. App.—1          (1)

[4] ID.—DISCRETION OF TRIAL COURT—APPEAL.—Unless there is a clear
abuse of discretion, the appellate court will not overthrow the order
of a trial court in granting or refusing a preliminary injunction.

APPEAL from an order of the Superior Court of Los
Angeles County denying an application for a temporary
injunction.   Charles S. Burnell, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Frederick W. Smith, D. L. Di Vecchio and G. R. Miller
for Appellant.

James S. Bennett and Farrand & Slosson for Respond-
ents.

LANGDON, P. J.—This is an appeal by the plaintiff from
an order denying his application for a temporary injunc-
tion restraining the defendants, or either of them, pending
the determination of the merits of his action, from shutting
off plaintiff's water supply or disconnecting his water lines
from defendants' conduit or ditch, so long as plaintiff pays
to said defendants the sum of $120 a year for an amount
of water not to exceed an average of two miner's inches
perpetual flow for use upon plaintiff's property.   Plaintiff
also asked that his right to said amount of water at said
price be settled and determined by the court, and, there-
upon, that the defendants be permanently restrained from
interfering therewith.

Briefly, the allegations of the complaint are that plain-
tiff's predecessors in interest in certain land described in
the complaint granted to the predecessors in interest of the
defendants a right of way over said land for the conduit
or ditch which supplies that and other property with
water; that in consideration of the grant of said right of
way, the grantees agreed that they would always allow the
use of water for said land now owned by plaintiff, upon
the lowest terms and most favorable conditions that the
water was allowed to others.   By virtue of the right secured
by said contract to plaintiff as successor in interest to said
grantors, and by virtue of a further right which he alleges
arose by reason of a subsequent contract between himself
and one of the predecessors in interest of the present de-

fendants, plaintiff claims to be entitled to water for use on his land at the rate of $120 a year, which amount he has tendered to the defendant, Whittier Water Company. The said company insists that plaintiff pay for water at the rate of five cents for 100 cubic feet, which charge is more than twice what plaintiff contends he should pay for the same under existing contracts.

Plaintiff alleges that the defendant, Whittier Water Company, has notified him that unless he immediately pay to said company the whole sum purported by said defendant company to be due from said plaintiff to said company, said defendant company will immediately cut off his water connection in said conduit or ditch and will furnish plaintiff with no further water.

Among other allegations, the defendant Whittier Water Company, in its answer, states that the charge for water furnished to plaintiff is the usual and customary charge made by said defendant for domestic and industrial service of water as the same has been and was on file with the Railroad Commission of the state of California; that the question of extent of jurisdiction of said Railroad Commission over the rates charged and the amount of rates to be charged for water service by defendant Whittier Water Company to plaintiff and the lands of plaintiff is now pending and undetermined before said Railroad Commission of the state of California.

[1] The only question presented by this appeal is whether, pending the trial of the cause, the plaintiff is entitled to have a preliminary injunction restraining defendants from shutting off his water supply so long as he pays to said defendants for said water an amount less than the amount that would be due the defendants under the rate fixed by the Railroad Commission for service to the public generally.

It is entirely clear from the pleadings and affidavits in the record that the defendant, Whittier Water Company, is not threatening to deprive the plaintiff of water in the event he pays for same the usual and customary charge at the rate on file with the Railroad Commission of the state of California. Plaintiff may, in due course, secure a determination of his alleged right to a preferential rate for water; and in the event that matter is decided in his favor, his

damages are definite and certain; he would be entitled to recover the amount of the overcharge theretofore made by said defendant, which, according to the record, would be about twenty dollars a month.

As to the defendant California Domestic Water Company, it is alleged ''that the title to the right of way for said conduit or ditch and the title to said conduit or ditch extending through plaintiff's lands became and now is vested in the defendant, California Domestic Water Company, with certain rights therein vested in the defendant Whittier Water Company; but plaintiff is informed and believes, and upon information and belief alleges that all rights of the defendant Whittier Water Company in and to said conduit or ditch and in and to said right of way for the same, are now about to terminate and cease.'' It is further alleged that plaintiff has demanded of Whittier Water Company that it continue the service of water to plaintiff under the terms agreed upon and has also ''demanded of the defendant California Domestic Water Company, which said Company is the legal owner of said conduit or ditch, that said Company furnish him with water from said conduit or ditch and continue the service of water heretofore received by plaintiff for his needs upon said 'home place'; the said Company has notified plaintiff that it will furnish him no water from said conduit or ditch either now or after the expiration of said defendant Whittier Water Company's right in and to said conduit or ditch, either at the rate agreed upon between plaintiff and the East Whittier Land and Water Company, or at any other rate, or at all; and plaintiff alleges that said defendant California Domestic Water Company will, upon the expiration of the defendant Whittier Water Company's rights in and to said conduit or ditch disconnect plaintiff's lines from said conduit or ditch and will, if said lines should now be disconnected by said Whittier Water Company, refuse to furnish plaintiff with water for his needs upon said 'home place' unless enjoined from so doing by order and decree of this court.''

The California Domestic Water Company denied that the rights of the defendant Whittier Water Company in and to said conduit or ditch and said right of way were about to terminate and cease. It alleged that the East Whittier Land and Water Company, one of the successors in interest

of the original grantees of the right of way, had conveyed
to defendant California Domestic Water Company by deed
the ditch and right of way involved here, but by said
instrument said grantor reserved to itself the entire carry-
ing capacity of said ditch and flume in excess of a capacity
sufficient to carry eight hundred (800) inches of water in a
continuous stream; that after the conveyance to the said
California Domestic Water Company, the East Whittier
Land and Water Company conveyed all of its right, title,
and interest in and to the aforesaid ditch to the defendant
Whittier Water Company, and on the twenty-sixth day of
April, 1913, said defendant Whittier Water Company was
the owner of the interest in said ditch and flume reserved
by the said The East Whittier Land and Water Company
in its said deed to defendant, California Domestic Water
Company; that on the twenty-sixth day of April, 1913, said
Whittier Water Company conveyed all of its right, title, and
interest in and to said ditch and flume to defendant, Cali-
fornia Domestic Water Company; that said defendant, Cali-
fornia Domestic Water Company, ever since has been, and is
now, the owner of said ditch and flume.

The ultimate questions, raised upon this state of facts, as
to the obligation of California Domestic Water Company,
as the present owner of the ditch and right of way, to fur-
nish plaintiff water in accordance with the terms of the
instrument on which he relies, are not presented to us upon
this appeal; that matter will be examined into on its merits
by the trial court when a trial is had.

Upon the question of the necessity or propriety of a pre-
liminary injunction against defendant California Domestic
Water Company, we find the following allegations in the
answer of said defendant: That the California Domestic
Water Company has never delivered to plaintiff any water
whatsoever on account of plaintiff's alleged rights and claims
under said deed referred to in plaintiff's complaint; that
the California Domestic Water Company has never delivered
to plaintiff any water at all; that at all times since October
15, 1902, the said East Whittier Land and Water Company,
and its successor, the Whittier Water Company, have de-
livered water to the said plaintiff; that at all times since
its incorporation in 1902 the California Domestic Water
Company has been a mutual water company; that all of the

water owned and developed by said company is needed for the use of its stockholders and all thereof has been for many years past used by its stockholders for beneficial purposes. It is further alleged that by a certain instrument, bearing date of April 26, 1919, the California Domestic Water Company leased to said Whittier Water Company, for a period of three years, the right to transport through the ditch involved here, a certain amount of water; that the rights and privileges secured to said Whittier Water Company by said instrument expire on April 26, 1922; that the California Domestic Water Company is willing that the Whittier Water Company continue to transport said amount of water through said ditch for the purpose of supplying its customers and all persons to whom it may have delivered water heretofore, including the plaintiff, provided it pays to said California Domestic Water Company the reasonable value of the use of such portion of said conduit necessary to transport said amount of water.

It appears from the foregoing that the California Domestic Water Company has never furnished water to plaintiff and does not deny to the Whittier Water Company the right to transport its water through the ditch and supply the plaintiff, provided it pays the reasonable value of such a privilege, and the Whittier Water Company has alleged that it will continue to supply plaintiff with water through said ditch provided he pays the rate established by the Railroad Commission.

The plaintiff, therefore, while awaiting a determination of his rights in a trial of the action on its merits, can suffer no irreparable injury. His damage, if any, can be accurately measured by any overcharge which he may pay for water.

Such a state of facts does not warrant the issuance of an injunction *pendente lite.* [2] The remedy by injunction is summary, peculiar, and extraordinary and it ought not to be issued except for the prevention of great and irreparable injury. [3] Relief by injunction must always rest in the sound discretion of the court, governed by the nature of the case, and will be granted, ordinarily, only where there can be no adequate pecuniary compensation because it would be difficult or impossible to ascertain the damages resulting from an act, as in such a case the legal remedy fails. But

where damages can be accurately measured and will fully compensate for any loss that may be suffered by plaintiff, as in the present case, an injunction is not proper. [4] Unless there is a clear abuse of discretion, this court will not overthrow the order of a trial court in granting or refusing a preliminary injunction. (*Miller & Lux* v. *Madera Canal etc. Co.,* 155 Cal. 59, 62 [22 L. R. A. (N. S.) 391, 99 Pac. 502].)

The order appealed from is affirmed.

Sturtevant, J., and Nourse, J., concurred.